[See Case No. 8,228.]

PLATT (UNITED STATES v.). See Case No. 16,054a.

## Case No. 11,222.

### PLATT v. UNITED STATES PATENT BUTTON, RIVET, NEEDLE & MACHINE MANUF'G CO.

[9 Blatchf. 342; 1 O. G. 524; 5 Fish. Pat. Cas. 265; Merw. Pat. Inv. 132.][1]

Circuit Court, S. D. New York. Jan. 18, 1872.

PATENTS—VALIDITY—CONSTRUCTION OF CLAIM—ANTICIPATION—IMPROVED BUTTONS.

1. The letters patent granted to Clark M. Platt, July 10th, 1866, for an "improvement in buttons," are valid.

2. The claim of the patent, "the button, formed of a single piece of metal, with the edge turned over, and with one central hole, as a new article of manufacture, as specified," covers a button formed of a single thickness of metal, with the edge folded over upon the body of the metal, and with one central hole, capable of being used for a single rivet or eyelet, to fasten the button to the garment.

3. Such button is not anticipated by a button having a single piece of metal and the folded edge, but no central hole; or by a button in which the edge was not folded over upon the body of the single piece of metal; or by a button not made of metal; or by a button not made of a single piece of metal; or by a button made of a single piece of metal, with its edge folded over on the body of the metal, and with two, three or four holes, so as to be attached to a garment by sewing; or by a button made of more than one piece of metal, in which the edge of one of the pieces of metal is folded over upon the other parts which make up the thickness of the button, and not upon itself.

[In equity. Final hearing upon pleadings and proofs. Suit brought upon letters patent [No. 56,261] for an "improvement in buttons, granted to complainant [Clark M. Platt], July 10, 1866.

[a, plate; 2, 2, folded edge; 3, central hole.

[1] [Reported by Hon. Samuel Blatchford, District Judge, and by Samuel S. Fisher, Esq., and here compiled and reprinted by permission. The syllabus and opinion are from 9 Blatchf. 342, and the statement is from 5 Fish. Pat. Cas. 265. Merw. Pat. Inv. 132, contains only a partial report.]

[The nature of the invention is illustrated by the accompanying engraving, and an abstract of the specification, together with the claim of the patent, will be found in the opinion of the court.][2]

Gilbert M. Plympton, for plaintiff.
Charles A. Durgin, for defendants.

BLATCHFORD, District Judge. This suit is brought on letters patent of the United States, granted to the plaintiff July 10th, 1866, for an "improvement in buttons." The specification says: "Buttons have heretofore been made with a hole in their centre, to receive a rivet that is passed through the garment. Said buttons have been made by uniting two thicknesses of metal at the edges, with a piece of paper between them. This mode of making is costly. Buttons have also been made of one piece of sheet metal, but the edge of the button formed by the thin sheet metal is sharp, and renders the button objectionable. My invention relates to a button which is a new article of manufacture, being made of one piece of metal, the edge of which is thickened by being folded over on itself, and the centre is perforated with one hole, for the reception of a rivet or eyelet passing through the garment and button, and riveted up to fasten the button to the garment." Then follows a description of the button, with references to the drawings. The edges of the disc or button blank are first turned back and then folded down on the button itself. The centre of the button is perforated for the reception of the rivet, the surface of the button is struck down, to increase its ornamental appearance, and the edges of the hole may be raised or pressed forward, so as to raise a burr, which will cause the metal of the button to sit tightly around the rivet. The button may, however, have a plain, central hole, adapted to a rivet, eyelet, or other fastening. The edge of the button may be turned forward instead of back, in either case making the edge of the button sufficiently thick and smooth for use, in consequence of the double thickness and fold at the edge. A conical hole or burr around the central hole is disclaimed. The claim is: "The button, formed of a singe piece of metal, with the edge turned over, and with one central hole, as a new article of manufacture, as specified."

There can be no doubt of the great utility of the button covered by the patent. The folding over of the edge of the single thickness of metal of which the button is made, upon the body of the metal, thickens the edge, and thus enables a light weight of metal to be used, while the edge of the button is strong and smooth. These features, with the central hole, make up the button. It has a light weight of metal, and is, therefore, cheap to make. It has but one piece of metal to be handled, and is therefore

cheap to make. The folded edge has the thickness and smoothness of the edge of a button made of two pieces of metal. The button can be attached without sewing and by a single rivet. The button sold by the defendants is identical with that of the patent.

The defendants have attacked the patent for want of novelty, but have wholly failed in such defence. It is not shown that any button made of a single piece of metal, with the edge folded over upon the metal in the body, and with a single central hole, existed before the invention of the plaintiff. This remark applies to the patents granted to Willoughby H. Reed, November 15th, 1864, and June 6th, 1865; to the application of Kosman Rose, of April 29th, 1858; to the application of John P. Jamison, of October 16th, 1860; to the patent granted to Festus Hayden, July 10th, 1840; to the patent granted to Henry S. Poole, August 11th, 1841; to the patent granted to P. Davey, November 29th, 1859; to the application of Samuel Cantrell, of February 22d, 1865; to the application of Samuel B. Fay, of August 13th, 1856; to the patent granted to Philander H. Benedict, March 14th, 1865; and to the patent granted to Edwin Smith, April 16th, 1861. Some of the prior buttons contain one or two of the three features of the plaintiff's button, but all of such features are not found combined in any one of the prior buttons. Those features are—the single thickness of metal—its edge folded over on its body—the central hole, capable of being used for a single rivet or eyelet, to fasten the button to the garment. Thus, the Rose button has the single piece of metal and the folded edge, but no central hole. In the Jamison button, the edge is not folded over upon the body of the single piece of metal, nor is it in the Reed button of 1864, or in the Hayden button, or in the Davey button, or in the Poole button. The Fay button is not made of metal. The Smith button is not made of a single piece of metal, nor is the Reed button of 1865. Nor is the plaintiff's button anticipated by a button made of a single piece of metal with its edge folded over on the body of the metal, and with two, or three, or four holes, so as to be attached to a garment by sewing; or by a button made of more than one piece of metal, in which the edge of one of the pieces of metal is folded over upon the other parts, which make up the thickness of the button, and not upon itself.

There must be a decree for the plaintiff, for a perpetual injunction and an account of profits, with costs.